**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 93-7692

_____

IN THE MATTER OF:   EAGLE BUS MANUFACTURING,
                    INC.,

                                        Debtor,

STATE OF OKLAHOMA, ex rel.
OKLAHOMA TAX COMMISSION,

                                        Appellant,

                            versus

GREYHOUND LINES, INC.,

                                        Appellee.

_____

Appeal from United States District Court
for the Southern District of Texas
_____

(April 10, 1995)

Before GARWOOD, SMITH and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The Oklahoma State Tax Commission appeals the judgment of the District Court finding that its taxation of interstate bus tickets violated the Commerce Clause of the United States Constitution. For the following reasons, the judgment of the District Court is reversed.

BACKGROUND

Greyhound Lines, Inc. ("Greyhound") is a bus line providing transportation service for both intrastate and interstate travel. In 1990, it filed for protection under Chapter 11 of United States

Bankruptcy Code. In 1991, the Oklahoma Tax Commission ("Commission") filed a proof of claim for unpaid sales taxes on the price of interstate bus tickets sold in Oklahoma. This tax was assessed against the gross receipts of all tickets sold in Oklahoma regardless of where the trips began or ended. The Bankruptcy Court found that the sales tax violated the Commerce Clause of the United States Constitution. The District Court affirmed the Bankruptcy Court judgment. The Commission appeals the judgment of the District Court.

DISCUSSION

The Commission contends that the state sales tax levied on interstate bus tickets does not violate the Commerce Clause. We agree. A state tax on interstate commercial activity violates the Commerce Clause unless it (1) is fairly apportioned, (2) is applied to an activity with a substantial nexus to the taxing state, (3) does not discriminate against interstate commerce, and (4) is fairly related to the services or benefits provided by the state. Complete Auto Transit v. Brady, 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2d 326 (1977). If a tax statute fails to meet any of these four prongs, the statute will violate the Commerce Clause. See Goldberg v. Sweet, 488 U.S. 252, 259-60, 109 S.Ct. 582, 588, 102 L.Ed.2d 607 (1989).

In a recently decided case, Oklahoma Tax Commission v. Jefferson Lines, Inc., No. 93-1677, 1995 U.S. Lexis 2418 (U.S. Apr. 3, 1995), the United States Supreme Court was faced with exactly the same issue--whether the Oklahoma sales tax assessed on

2

interstate bus tickets sold in the State of Oklahoma violated the Commerce Clause. The Supreme Court held that this Oklahoma sales tax met the requirements of Complete Auto Transit. Id. at 18-45. In accord with the Supreme Court's decision in Oklahoma Tax Commission v. Jefferson Lines, Inc., we reverse the judgment of the District Court.

CONCLUSION

Because the Supreme Court has held that the Oklahoma sales tax does not violate the Commerce Clause, we REVERSE the judgment of the District Court. This case is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.